†THOMAS WHITE ET AL v. A. E. B. MOERLIDGE.

1. UNDERTAKING MUST BE TO ADVERSE PARTY—CORRECTION OF MISTAKE AS TO PARTY—WHAT RECORD SHOULD DISCLOSE.

Section 5408, Rev. Stat., which provides for appeals in certain cases from the probate to the court of common pleas, requires the undertaking for the appeal to be given to the adverse party. If given to the State of Ohio, it does not comply with the statute,. and on motion, such appeal may properly be dismissed by the court, unless the mistake is corrected by the giving of a new, or the amendment of the old undertaking, so that it shall be in proper form. And when it does not appear from the record what kind of an undertaking had in fact been given, but the journal entry states the appeal was dismissed for the reason that the appellants had not given the bond required by the statute, a reviewing court can not properly say that the trial court erred in dismissing such appeal—no motion having been made to file a new, or to correct·the old undertaking.

2. MISTAKE IN PAY OF BOND MAY BE CANCELLED.

The making the undertaking payable to the State of Ohio, instead of to the adverse party, was such a mistake as might be corrected under the provisions of section 5114,. Rev. Stat.

3. JOURNAL ENTRIES DISCLOSING THAT MOTION TO AMEND SHOULD HAVE BEEN ALLOWED, REVIEWING COURT WILL ALLOW.

Where, on the journal of the court, of a particular day, is an entry dismissing an appeal for the reason that an undertaking for appeal had not been given as required by law, and a subsequent entry on the journal, of the same day, shows that an application had at once been made to the court for leave to file a new undertaking in proper form, and the overruling of such motion by the court. And it further appearing from the bill of exceptions allowed in the case, that the undertaking originally given was defective, but that the court, in the exercise of a proper discretion, should have allowed it to be amended, the fact that the entry dismissing the appeal first appears upon the journal, and before the order overruling the motion to amend, did not deprive the court of common pleas of the power to allow such amendment, or this court of the right to review the propriety of the action overruling such motion. Nor under the circumstances was it essential that the appellants should have presented to the court the new bond, when the court had refused to allow any amendment to be made.

†Cited in Ziegler, In re Estate, 6 Ohio Dec., 54, 55, 56.

**4. APPEALING CREDITORS NOT TO GIVE BOND IN DOUBLE THE SUM ORDERED TO BE PAID.**
Though not necessary to the decision of these cases, the court is of the opinion that in
cases like those before us, the order appealed from being one sustaining transfers and
chattel mortgages by an insolvent, and ordering the assignee to pay the same, the pro-
bate court can fix the amount of the bond for appeal by other creditors. . The appel-
lants were not required, under the provisions of sec. 6408, Rev. Stat., to give an under-
taking in double the amount of money ordered to be paid by the assignee.

Error to the Court of Common Pleas of Hamilton county.

SMITH, J.

These twenty-five cases, Nos. 1412 to 1437, inclusive, except 1436, were
heard together, and they may be divided into two general classes, one of which
may properly be designated as the account cases, and the other as the chattel
mortgage cases. In the former, it is urged by counsel for plaintiffs in error, that
the court of common pleas erred in dismissing the appeal taken from the probate
court. In the latter, the same claim is made, but it is also insisted that the court
erred in refusing to allow the appellants to amend the old bond, or to file a new
one to conform to the provisions of the statute, if the one originally given did not
do so. But it is urged on behalf of the defendants in error, that the record is
not in such a shape that the court can properly hear or decide either of these ques-
tions.

The facts in the cases, as they appear by the record, are substantially these:

On a hearing in the probate court of various controversies between the secured and un-
secured creditors of J. & A. Simpkinson & Co., (who had made an assignment for the bene-
fit of their creditors), the court, in what are called the account cases, upheld the validity of
the transfer by the assignors before the assignment, to various persons, of certain accounts
due to the firm, and also the validity of the chattel mortgages in the other cases,
and made separate orders to the assignee to pay the same. Thereupon, in all of
the cases, as appears by the transcript of the journal entries in the probate court, the
several appellants gave notice of their intention to appeal, and the court fixed the bond for
the several appeals at the sum of $250 in each case. In fact, the amount so ordered to be paid
in each case was more than $250, so that the amount of the appeal bond thus fixed, was in
each case much less than double the amount so ordered to be paid by the assignee. There-
upon, in each case, as is shown by such transcript, "undertaking in appeal of" ——— (nam-
ing him), "from claim of" ——— (naming him), "in the sum of $250, with W. H. Jones and
Lipman Levy as sureties, approved and filed."

In the account cases no such bond appears in the transcript from the probate court, or
anywhere in the record, and it does not seem to be required by sec. 6409 that a copy of the
bond should be sent up. But in what are known as the chattel mortgage cases, a copy of
the several bonds given to appeal such cases, is brought into the record by a bill of excep-
tions taken on the overruling of the motions of the appellants for leave to amend such bonds
or to give new ones.

When these appeals were docketed in the court of common pleas, some or all of the ac-
count cases were heard on the issues raised, and the court, after consideration, was about to
render judgments therein. After the hearing of these cases, but prior to the time the court
was ready to decide them, motions had been filed by the appellees to dismiss the appeal in
the chattel mortgage cases, "for the reason that the undertaking required by statute has
not been given, and for other reasons appearing of record." These motions were sustained
by the court, and it dismissed the appeals, and the appellants excepted, and at once on the
same day filed their motions for leave to amend their bonds with the consent of sureties, so
that the same would be in double the amount ordered to be paid, for the benefit of the ap-
pellees, respectively, or to give a new bond in said sum with approved sureties, for the
benefit of the appellees. These motions were overruled by the court, and exception taken,
and in each case a bill of exceptions was taken containing the evidence offered, which was
the original appeal bond, and which also showed the action of the court.

After this, when the court was about to decide the account cases, as the journal entry
shows, the counsel for appellants in open court called attention to the fact that the appeal
bonds given therein were in a sum less than double the amount ordered by the probate court
to be paid to ——— (naming the appellee), and suggested that in view of a former ruling
of this court made after the hearing and submission of this claim in said assignment, it may
not now have jurisdiction of this cause. "And the court now coming to consider said sug-
gestion, find the same well taken, and find further that the appellants creditors of said J. &
A. Simpkinson & Co. have not given the bond required by statute, and by reason thereof
have not perfected their appeal." The several appeals were then dismissed, to which appel-
lants excepted.

We are of the opinion that sec. 6408, Rev. Stat., which provides the mode and manner in which an appeal is to be taken from a judgment of the probate court to the court of common pleas in cases of this character, did not make it necessary that any appellant in any of these cases, who desired to appeal from a judgment directing the assignee to pay from the funds in his hands a specific sum to any particular person, should give an undertaking in double the amount directed to be paid. That the only reasonable interpretation to be given to the language used therein is, that this provision applies only to those cases, in which the order, judgment or decree directs the payment of the money by the person or persons who take the appeal, and that in cases like those before us, the amount of the undertaking to be given, is to be in such sum as shall be prescribed by the probate court. Any other construction of the statute would in many cases be a virtual deprivation of the right to appeal. The idea that it could have been the intention of the legislature, that a person who asserts a small claim, say of $100, to a fund of say $20,000, and his claim is disallowed, and the whole fund ordered to be distributed to the other persons claiming it, should, as a condition of his right to appeal give an undertaking in the sum of $40,000, is not to be entertained, if any other reasonable construction can be placed upon the language, as may be done here, viz.: that a bond in double the amount should be required only in cases where the appeal is by the person who is adjudged to pay the money, and that in all other cases the bond is to be given in such amount as shall be prescribed by the probate court.

If, therefore, it properly appeared from the record, as brought before us, that the sole ground upon which the appeals in these cases were dismissed, was that the bond for appeal was not in double the amount ordered by the court to be paid to the adverse party by the assignee, we would feel obliged to reverse such orders dismissing the appeals. But on the record, as it stands, it does not seem to us that in the account cases it affirmatively appears that such was the case. No motions to dismiss the appeals in the cases were actually filed. It simply appears that it was suggested to the court that the bonds given were not in double the amount ordered to be paid. And that the court, on consideration of such suggestion, found that it was well taken, and further found that the appellants had not given the bond required by the statute.

It must be assumed that this finding was made on evidence submitted to the court, and no bill of exceptions having been taken to bring this evidence into the record, we cannot see how we can hold that the finding of the court that the appellants had not given bond as required by statute, was wrong, or erroneous. It is true that the transcript from the probate court contains a statement that on a day after the rendition of the judgment therein, the appellants had filed an undertaking in appeal, with the sureties named, in the sum of $250, which was approved. But what the terms of these bonds were, to whom they were given, or what were the conditions therein, if any, does not appear. We suppose that this statement of the probate court journal does not import absolute verity, so as to prevent it being shown in the common pleas that it was not in fact given, or for the proper amount or to the proper obligee, or that it did not embrace the conditions required by the statute. But however this may be, we suppose that we are bound to conclude that in some way it was shown to the court of common pleas that the bonds did not meet the requirements of the statute. If so, the court was authorized and perhaps required to dismiss the appeal, unless the defects were cured by amendment or substitution of new bonds which would comply with the statute. But no motion appears to have been made by the plaintiffs in error, asking leave to amend the old or substitute new bonds, and no bill of exceptions having been taken showing the bonds as originally given, or the evidence upon which the court acted, we cannot say that in dismissing the appeals in the account cases it erred.

Was there error in the chattel mortgage cases in the refusal of the court to allow an amendment of the old undertaking, or the filing of a new one?

As to this, two objections are urged by counsel for defendants in error. The first is that the order of dismissal of the appeals was made before the motion for leave to amend was filed. It was certainly filed on the same day that the order of dismissal was made. It was probably made on the instant that the bond was held not sufficient, and properly should have been passed upon before the entry of dismissal was made, so that the rights of the appellant should have been preserved. But we are of the opinion that the order in which separate entries in the same case are placed upon the journal on the same day and at the same term is not a matter of much moment in a case like this. If in the case presented, the court in the exercise of a legal discretion, should have granted the motion to amend, the fact that a few minutes before the motion for leave to amend had been made, the court had orally announced that the bond was insufficient, and that the appeal founded thereon must be dismissed, would not deprive it of the right, or release it from the duty, in ordinary cases, if the undertaking was one which could be corrected, from allowing an amendment thereof. The case of Irwin v. Bank of Bellefontaine, 6 O. S., 81, holds that sec. 641 of the original code (now sec. 5114 Rev. Stat.), is the one applicable to a case of this kind, and this provides that the amendment may be before or after judgment, if in furtherance of justice.

In the second place, it is urged that the record does not show that the appellants presented to the court an amendment of the old bond, or a new one in proper form in any of the cases, and that it is essential that this should have been done, to make the action of the court in overruling the motion erroneous. We do not think that this is essential. The court absolutely overruled the motion, and refused to allow them to present bonds in full compliance with the statute, which appellants had offered to do. It would seem that it was not necessary then, that the appellants should have done a vain thing by tendering such bonds as the court said would not be received if tendered.

The question then remains whether the court in the chattel mortgage cases erred, either in holding that the bonds so given in the probate court were not sufficient, or so defective in form or substance as not to sustain the appeal, or in refusing to allow the appellants to amend them, or give a new one as they sought to do.

As has been stated, the undertakings as given were brought into the records by the bills of exceptions, and are before us. Each was in the sum of $250, with two sureties, approved by the probate judge, and conditioned substantially, though not in the exact words, as required by the statute. But sec. 5408, Rev. Stat., provides that the undertaking must be given to the adverse party, while those in question were given to the state of Ohio. We know of no statute which authorizes this to be done. Section 4994, Rev. Stat., referred to by counsel for plaintiff in error, simply allows any party entitled to the benefit of a bond or undertaking, to bring an action thereon in his own name. We think, therefore, that there was such a defect in these undertakings, in not complying with the statute, as justified the court of common pleas in dismissing the appeal, unless this error was corrected, if it was subject to correction.

Was this the case? Section 5114, which is held to be the statute under which amendments of bonds given in appeal cases to the common pleas may be made, provides that "the court may before or after judgment, in furtherance of justice, and on such terms as may be proper, amend any pleading, process or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party, or a mistake in any other respect."

But it is urged that there is nothing disclosed in these cases which shows that there was any mistake made in these bonds, either as to the amount for which they were given, or as to the person to whom they were made payable. We have held that it was not essential that they should have been in double the amount

ordered to be paid by the assignee, and this was probably the ground upon which the court below held them to be invalid.   But we think it obvious that there was a mistake made in the person to whom the bonds were made payable, and that this was such a mistake as was subject to correction in the court of common pleas, and should have been allowed.   All of the Ohio cases on this subject lead to this conclusion.   In the case of Irwin v. Bank of Bellefontaine, 6 O. S., 81, the court held the bond to be fatally defective, as not containing the condition required by the statute, yet allowed it to be amended.   And so in Johnson v. Johnson, 31 O. S., 131; Pres. Church v. Nelson, 35 O. S., 638.

In all of the cases it is expressly held that the statute being a remedial one, is to be liberally construed.   In the cases cited there was nothing to show the mistake but the bonds themselves, as in this case; and the mistake as in these cases was in not following the plain directions of the statute, but the amendments were allowed.   It is true that in the first one above cited, the court recognizes the fact that in some cases where the defect in the proceeding is so gross, or is committed under such circumstances as to indicate that the defect was designed, and not simply a mistake, the court would probably refuse permission to amend, for in such case, no mistake in fact has been made.   But we think there was nothing here to show anything of this kind.

Our conclusion is that the judgments of the common pleas in the account cases must be affirmed, inasmuch as it does not appear from the record that the court dismissed the appeal therein, on the ground that the penalty in the under-takings was not in double the amounts ordered to be paid, or show for what reason it was dismissed.   And that the judgments in the chattel mortgage cases should be reversed, and remanded to the court of common pleas to be further proceeded in according to law.

Johnson & Levi, and Wm. H. Jones, for plaintiff in error.

J. J. Glidden, Goebel & Bettinger, Wm. E. Jones, and P. Roettinger, for defendants in error.